IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **HALL STREET, INC.,** a Michigan Corporation **D/B/A HALL STREET PARTY STORE**<br>110 Hall St. SW, Grand Rapids, MI 49507,<br><br>**AMAL F. HERMIZ,** an Individual<br>29998 Kingsway Dr., Farmington Hills, MI 48331,<br><br>and<br><br>**WAISF H. HERMIZ,** an Individual<br>627 Highbury Ct. SE, Ada, MI 49301,<br><br>        Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>        Defendant. | **CIVIL ACTION NO.** _____<br><br>**COMPLAINT** |

The Plaintiffs, HALL STREET, INC., a Michigan Corporation d/b/a HALL STREET PARTY STORE, AMAL F. HERMIZ, an Individual, and WAISF H. HERMIZ, an Individual, by and through their undersigned counsel, and hereby file this Complaint against the UNITED STATES OF AMERICA, on the grounds set forth herein, and in support thereof, states as follows:

**FACTUAL BACKGROUND**

1.      The Plaintiffs own and operate a retail food store in Grand Rapids, Michigan named HALL STREET, INC., a Michigan Corporation d/b/a HALL STREET PARTY STORE

(hereinafter "Hall Street"). The store is dedicated to the retail sales of mostly staple food items to the Plaintiffs' customers.

2. In pertinent part, Hall Street has been in business for twenty-seven (27) years as a retail food store. As most retail food stores do, the Plaintiffs applied to the United States Department of Agriculture (USDA), Food & Nutrition Service (FNS) to participate as an authorized retailer in the Supplemental Nutrition Assistance Program (hereinafter, "SNAP") a number of years ago.

3. The Defendant reviewed their application and authorized them to participate in the program. Since then, a number of re-authorizations of Hall Street SNAP participation have been conducted by the Defendant.

4. The Plaintiffs have recently had significant difficulty with the Agency and their continued participation in SNAP.

5. On December 14, 2023, the Defendant sent the Plaintiffs a Charge Letter claiming that the Plaintiffs had engaged in trafficking of SNAP benefits. The Plaintiffs denied the allegations and presented sufficient evidence and arguments against them. The Agency reviewed the information and subsequently rescinded its Charge Letter against the Plaintiffs, noting that the transaction patterns cited were likely not the result of trafficking.

6. To that end, on March 4, 2024, the Agency sent a decision letter advising that they would not take further action in the matter and considered the case closed. Such reprieve was short-lived, however.

7. One day later, on March 5, 2024, the Agency sent a new letter to the Plaintiffs advising them that they were required to submit an application for reauthorization to accept SNAP benefits. The Agency's objective of removing the Plaintiffs from SNAP had shifted from one

avenue of removal to another.

8. The documentation and information requested by the Defendant to process the Plaintiffs reauthorization were to be produced within thirty (30) days, resulting in a deadline of April 4, 2024. Specifically, the USDA requested the following documentation:

A. Form FNS-252-R.

B. Copy of all current business licenses for the new address.

C. A color copy of Photo Identification for each owner, partner, and corporate officer. Copy of each identification card in color on a separate page.

D. A color copy of Social Security Number verification for each owner, partners, and corporate officer. Copy of each identification card in color on a separate page.

9. The Plaintiffs timely submitted the response and provided the requested documentation (outlined above).

10. On April 3, 2024 – a day prior to the thirty (30) day deadline set forth by the Agency's letter – the Government indicated that it had not received the Plaintiffs' documentation and that it was withdrawing the Plaintiffs' SNAP licensure.

11. The USDA's withdrawal was facially premature, and substantively inaccurate as the records and documents were timely submitted to the Agency and received.

12. Indeed, the USDA has a reputation for frequently failing to adequately process documentation received from prospective SNAP retailers during the application process, resulting in a veritable epidemic of erroneous application withdrawals and denials over the past several years.

13. In the Withdrawal Letter, Section Chief Cassandra Traux set forth the basis for the

licensure withdrawal. No other basis, save that stated below, was given:

> "On 03/05/2024 we sent you a letter requesting information needed to complete the reauthorization process (copy enclosed). We did not receive the information requested by the deadline provided. Therefore, the SNAP authorization for the location listed above will be withdrawn within 10 calendar days of your receipt of this letter."

14. The Plaintiffs, unaware of exactly where or how their response had been deficient, filed a request for Administrative Review on or about April 15, 2024, which was granted on April 17, 2024.

15. The Agency failed to respond or take any action on the Administrative Review request until August 20th, 2024, when the case was assigned to Administrative Review Officer (ARO) Mya Dupree, and the briefing deadline was established for September 10th, 2024.

16. Nevertheless, the Plaintiffs submitted their briefing on September 9th, 2024, prior to the briefing's deadline.

17. On November 22, 2024, ARO Deupree issued the Agency's Final Agency Decision (FAD), upholding the withdrawal. The FAD is attached hereto as **Exhibit A**. The basis for ARO Dupree's decision was set forth as follows:

18. ". . .Appellant [Plaintiffs] submitted a form FNS-252-R, entitled Supplemental Nutrition Assistance Program Application for Reauthorization for Stores dated April 3, 2024. Appellants contended that it submitted the requested documentation before the deadline, and that FNS dated the withdrawal letter before the deadline of April 4, 2024. However, Appellant's reauthorization application was not received by FNS until April 8, 2024 and was not received before the deadline. Furthermore, Appellant's contention that FNS requested overly cumbersome documentation was not supported by the evidence. A review of the case record indicates by preponderance of the evidence that the retailer Operations Division properly determined that Hall Street Party Store failed to cooperate in the reauthorization process according to 7 CFR §278.1(n).

The authorization of firms that fail to cooperate with the reauthorization process must be withdrawn."

19. The Plaintiffs specifically allege that the Defendant received the documentation timely and simply failed to adequately process them, or accurately denote the date of their receipt.

20. Furthermore, the Agency has gone out of its way to cause a burden and hardship with the production of documents from SNAP retailers, including the Plaintiffs in this matter. While the Agency often makes use of its online upload portal in the collection of application-pertinent records, select applications (such as the one in this case) are arbitrarily singled out and asked to physically produce the same records.

21. This creates a delay in the receipt of the documentation, which as evidenced in this case, is intended to result in a higher application denial rate for those stores which the Agency seeks to remove from the program utilizing alternative means.

22. The Defendant engages routinely in gamesmanship when it comes to processing SNAP applications, just as it did in this matter with the Plaintiffs. Larger SNAP firms, such as Walmart, and more voluminous firms such as 7-Eleven, are not subjected to the arbitrary requirements and procedures that the Plaintiffs had to endure in this matter.

23. Such activity must be discouraged for its arbitrary and capricious nature, and because it is inconsistent with Congress' laws pertaining to SNAP authorization.

24. The Plaintiffs' have incurred attorneys' fees and costs in bringing this litigation, and seek to be reimbursed for such fees and costs pursuant to the Equal Access to Justice Act.

**COUNT I; JUDICIAL REVIEW**

25. The Plaintiffs' restate each of the averments set forth above as though fully set forth herein.

26.     The Plaintiffs applied for SNAP licensure pursuant to 7 U.S.C. §2018 and were previously approved and have been reapproved numerous times.

27.     The Plaintiffs filed an application for reauthorization to participate in the Supplemental Nutrition Assistance Program as an authorized retailer timely.

28.     The Agency denied the application prior to the deadline upon grounds that the Plaintiffs did not produce the requested documents.

29.     Such denial was errant and inappropriate under the statute and the regulation.

30.     The Plaintiffs timely produced the records sought, and the Defendant failed to process the documents.

31.     The Plaintiffs qualify for SNAP licensure under 7 U.S.C. §2018 and 7 C.F.R. §278.1.

32.     The Plaintiffs' inventory and sales satisfy the appropriate criteria for participation in the program as set forth in more detail in 7 C.F.R. §278.1.

33.     Pursuant to 7 U.S.C. §2023(a)(13)-(15), the Plaintiffs are entitled to a hearing and *trial de novo* Judicial Review of the licensure request, and hereby make such request.

34.     This Court has the authority to reverse the Defendant's licensure denial, and grant the license pursuant to 7 U.S.C. §2023(a)(16) and 7 C.F.R. §278.1.

35.     The Plaintiffs' SNAP licensure should have been authorized again by the Defendant pursuant to the rules and regulations, and this Court should grant such licensure.

36.     The Plaintiffs should be awarded their attorney's fees and costs.

37.     WHEREFORE, the Plaintiffs respectfully request this Honorable Court enter JUDGMENT against the Defendant, the United States of America, operating through the United States Department of Agriculture, Food & Nutrition Service, order the Plaintiffs' SNAP licensure

to be re-authorized for a term of five (5) years, and awarding the Plaintiffs' their attorneys' fees and costs.

Dated: December 6, 2024          Respectfully submitted,

**METROPOLITAN LAW GROUP, PLLC**

/s/Andrew Z. Tapp
Andrew Z. Tapp, Esq.
1971 W. Lumsden Road, Suite 326
Brandon, FL 33511
Telephone:  (813) 228-0658
Facsimile:  (813) 330-3129
Email:  Andrew@Metropolitan.Law
Email:  LaJeana@Metropolitan.Law

**COUNSEL FOR PLAINTIFFS**